# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ORTIZ, | Case No. 1:23-cv-00860-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER FAILURE TO PROSECUTE AND FAILURE TO PAY FILING FEE |
| v. | |
| IN THE MATTER OF THE TEMPORARY GUARDIANSHIP OF THE PERSON, | |
| Defendant. | (ECF No. 3) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Elena Ortiz ("Plaintiff"), proceeding *pro se*, removed this action from state court on June 6, 2023.  (ECF No. 1.)  On June 7, 2023, the Court denied Plaintiff's application to proceed *in forma* pauperis, and ordered Plaintiff to file a long form application to proceed *in forma pauperis*, or pay the filing fee.  (ECF No. 3.)  Plaintiff has not filed the long form application nor paid the filing fee by the deadline to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir.

1  2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

2       A court may dismiss an action based on a party's failure to prosecute an action, failure to

3  obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

4  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

5  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

6  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

8  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

9  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

10  of prosecution and failure to comply with local rules).

11       In determining whether to dismiss an action for failure to comply with a pretrial order,

12  the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

13  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

14  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

15  sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226

16  (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.

17  1986).  These factors guide a court in deciding what to do, and are not conditions that must be

18  met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability

19  Litigation, 460 F.3d at 1226.

20       In this instance the public's interest in expeditious resolution of the litigation and the

21  Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff has not filed the

22  long form application to proceed in forma pauperis, paid the filing fee, nor otherwise responded

23  to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's

24  ability to move this action towards disposition, and indicates that Plaintiff does not intend to

25  diligently litigate this action.

26       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

27  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

28  1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

1   dismissal.

2          The public policy in favor of deciding cases on their merits is outweighed by the factors

3   in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can

4   proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the

5   action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the

6   fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

7          Finally, a court's warning to a party that their failure to obey the court's order will result

8   in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

9   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's June 7, 2023, order expressly

10  stated: "If Plaintiff fails to comply with this order, this action shall be dismissed." (ECF No. 3 at

11  2.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from

12  noncompliance with the Court's order.  Further, Plaintiff may still file the long form application

13  to proceed *in forma pauperis* during the objection period and the Court will consider the

14  application.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for
2  Plaintiff's failure to pay the filing fee or file a long form application to proceed *in forma*
3  *pauperis* in this action, failure to abide by the Court's order, and failure to prosecute.

4    These findings and recommendations are submitted to the district judge assigned to this
5  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen
6  (14) days of service of this recommendation, Plaintiff may file written objections to this findings
7  and recommendations with the court.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  The district judge will review the
9  magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).
10  Plaintiff is advised that failure to file objections within the specified time may result in the
11  waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
12  Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

IT IS SO ORDERED.

14

15  Dated:   **August 3, 2023**

                                              UNITED STATES MAGISTRATE JUDGE

4